UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, By and Through MARK DARR and MIKE WHALEN, In their Capacities as Co-Chairmen of the Board of Trustees; <br><br> and <br><br> IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION FUND, By and Through MARK DARR and MIKE WHALEN, In their Capacities as Co-Chairmen of the Board of Trustees; <br><br> and <br><br> IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, By and Through MARK DARR and MIKE WHALEN, In their Capacities as Co-Chairmen of the Board of Trustees, <br><br>    Plaintiffs, <br><br> v. <br><br> AHAL CONTRACTING CO., INC., <br><br> Serve:  Dennis Ahal, Registered Agent <br>           213 Kendall Bluff Court <br>           Chesterfield, MO 63017 <br><br>    Defendant. | Cause No. |

## **COMPLAINT**

COME NOW Plaintiffs, by and through undersigned Counsel, and for their Complaint against Defendant, state as follows:

1

**Parties**

1.  Plaintiff Iron Workers St. Louis District Council Annuity Trust (hereinafter "Annuity Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145.  Mark Darr (hereinafter "Darr") and Mike Whalen (hereinafter "Whalen") are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2.  Plaintiff Iron Workers St. Louis District Council Pension Fund (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145.  Darr and Whalen are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3.  Plaintiff Iron Workers St. Louis District Council Welfare Plan (hereinafter "Welfare Plan") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145.  Darr and Whalen are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4.  Together, the Annuity Trust, Pension Fund and Welfare Plan shall be referred to as the "Plaintiff Funds."

5. Defendant is a Missouri Corporation which maintains its principal place of business within this judicial district.

6. Defendant is, was and at all relevant times has been, an employer in an industry effecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145.

## Jurisdiction and Venue

7. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, as amended, 29 U.S.C. § 1132(a)(3) and 1145, in that Darr and Whalen are fiduciaries who seek to enforce the provisions of the Plaintiff Funds.

8. This Court has personal jurisdiction over Defendant pursuant to ERISA Section 502(e), 29 U.S.C. § 1132(e).

9. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the Plaintiff Funds are administered within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division.

## Facts Common To All Counts

10. At all times relevant to this Complaint, Defendant is, was and has been, signatory to one or more Collective Bargaining Agreements (the "Agreements") with Iron Workers Local No. 396 ("Iron Workers").

11. The Agreements require Defendant to make contributions to the Plaintiff Funds at specified rates for hours worked by its employees in covered employment within the jurisdiction of the Iron Workers.

13. The Agreements provide that the Trustees are entitled to conduct audits of the records of contributing employers, including Defendant, in order to determine contributions which may be due to the Plaintiff Funds.

14. The Agreements, and/or certain Trust Documents adopted by the Trustees of the Plaintiff Funds, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments, the contractor shall also pay Liquidated Damages in the amount of ten percent (10%) of the contributions due.

15. The Agreements further provide that in the event of litigation to collect a delinquency, Plaintiffs are entitled to pre-judgment interest at a rate of ten percent (10%) per annum from the due date of each contribution making up the Delinquency.

16. Plaintiff Funds conducted an audit of Defendant for the period of October 1, 2008 to December 31, 2010.

17. The audit resulted in a finding of a delinquency owed to the Plaintiff Funds totaling $23,358.42. Defendant is, therefore, delinquent in its obligations to the Plaintiff Funds.

18. Moreover, Defendant is liable to the Plaintiff Funds for liquidated damages, interest, attorney's fees, accounting fees, and costs pursuant to the Agreement(s), Trust Documents and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

19. Despite demand, Defendant has failed to pay the amounts owed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a. Enter Judgment for the Plaintiff Funds and against Defendant;

b. Enter an Order awarding the Plaintiff Funds the Known Delinquency amount of $23,358.42;

c.  Enter an Interlocutory Order requiring Defendant to submit its records to an audit for the period of January 1, 2011 to the present, and further, that Defendant reimburse the Plaintiff Funds the costs of said audit;

d.  Enter an Order awarding the Plaintiff Funds all amounts determined to be due and owing pursuant to the audit;

e.  Enter an Order awarding the Plaintiff Funds interest;

f.  Enter an Order awarding the Plaintiff Funds liquidated damages;

g.  Enter an order awarding the Plaintiff Funds their attorneysø fees, auditing fees, accounting fees, expert fees and other costs; and

h.  Enter orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.

  /s/   Michael A. Evans
Michael A. Evans, No. 58583MO
4399 Laclede Avenue
St. Louis, MO   63108
(314) 531-1054 (tel.)
(314) 531-1131 (fax)
mevans@hghllc.net

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 9, 2014, a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220.

/s/ Michael A. Evans